STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-98-67
SKS-KEN-2/15/2000

HIGHT CHEVROLET-GEO-
PONTIAC,

Petitioner

v.

DECISION ON REVIEW

STATE TAX ASSESSOR,

Respondent

This matter comes before the court on the appeal pursuant to M.R. Civ. P. 80C of Hight Chevrolet-Geo-Pontiac (Hight) from a determination of the State Tax Assessor (Assessor) that the petitioner owes tax on various transactions. The Petition for Review contains five counts, of which three have been resolved by the parties as set forth in the docket entry below. The remaining issues concern Hight's tax liability for certain transactions to buyers who represented themselves as out-of-state purchasers and a purchaser for resale. The court has fully reviewed the record on appeal in a *de novo* determination of the merits of the case. 36 M.R.S.A. § 151.

"The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability." 36 M.R.S.A. § 1763. "The well settled principle that taxation is the rule and tax exemption is the exception places the burden on the [taxpayer] to bring its request unmistakably within the spirit and intent of the claimed exemption." *SST&S, Inc. v. State Tax Assessor*, 675 A.2d 518, 521 (Me. 1996). The court has reviewed the record with these legal principles in mind.

1

## BACKGROUND and DISCUSSION

The two issues before the court involve a series of transactions -- sales of automobiles -- between Hight and various purchasers. The first series of sales were to two purchasers, Howard P. Fairfield, Inc. and Bjorn Realty, Inc. At the time of these transactions, an officer of Hight prepared an "Affidavit of Exemption to Support Out-of-State Deliver." The affidavits indicates that the legal address of Fairfield is in New Hampshire and that of Bjorn is in Florida, though both Fairfield and Bjorn are Maine corporations with their principal places of business being in Skowhegan and Fairfield, Maine, respectively. Since delivery of the various vehicles was made in Skowhegan, there is no dispute that the wrong affidavit form was used. For the tax exemption that was intended, the proper form would have been an affidavit of exemption for delivery of a vehicle to a nonresident for immediate removal from the State. Since it is undisputed that Fairfield and Bjorn were both incorporated in Maine and a corporation is a resident of that state in which it is incorporated (*Ouellette v. Sturm, Ruger & Co.*, 466 A2d 478, 481 (Me. 1983)), neither sale was entitled to the exemption set forth in 36 M.R.S.A. § 1760(23)(A) which is available only for *nonresidents*.

Hight argues that even if Fairfield and Bjorn was not entitled to the exemption, Hight should not be liable for the unpaid taxes since it relied in good faith upon the affidavits. Unfortunately for Hight, not only were these affidavits prepared on the wrong form, but more importantly, were not affidavits from the purchasers at all. The only affidavits for these purchasers in the record are affidavits

2

executed by an officer of Hight. If the affidavit had been prepared by the purchaser, Hight's "good faith" argument would have weight. However, Hight's reliance on what turns out to be its own affidavit, is not enough to escape tax liability.

The second issue before the court concerns the sale of an automobile to R.S. Osgood & Sons on December 13, 1995. Pursuant to 36 M.R.S.A. § 1811 (Supp. 1999), sales tax is imposed on the value of all tangible personal property sold at retail. The term "retail sale" is defined as "any sale of tangible personal property in the ordinary course of business for any purpose *other than for resale . . .* 36 M.R.S.A. § 1752(11). Hight did not collect sales tax from Osgood and now claims this is because Osgood represented that the purchase was for resale. Unfortunately again for Hight, it failed to obtain a resale certificate from Osgood until February 9, 1999, more than three years after the date of the transaction. According to the record, Osgood did resell the vehicle but that sale was more than two years later on April 28, 1998, and after Osgood had driven the vehicle for approximately 39,000 additional miles. Hight argues that the determination of whether a sale is for resale must be made at the time of the sale, not two years later as the Assessor does by relying on the fact that the vehicle was not immediately sold. However, Hight's problem is that at the time of sale it did not obtain the one piece of evidence sufficient to prevent its own liability. Maine Revenues Services Rule 301.01(A) expressly states that the seller has the burden of proving that a sale of tangible personal property is for resale and that the ". . . seller will be relieved of this burden of proof only if a resale certificate in accordance with the provisions of this rule is obtained from the purchaser." It

3

follows that the validity of a certificate should be tested using the facts as they exist at the time the certificate is executed, presumably at the time of sale. If Hight had obtained the certificate at the time of sale, it would be protected from sales tax liability under the rule. However, a certificate obtained more than three years after the date of sale and after the vehicle was held by the purchaser for more than two years and driven for more than 39,000 miles -- clearly not a "resale" of the type intended by the Legislature -- does not suffice to protect Hight.

In light of the foregoing, the entry is:

(1)    The State Tax Assessor's motion for summary judgment as to counts I and II is GRANTED and Hight Chevrolet-Geo-Pontiac's petition for review of these counts is DENIED.

(2)    By agreement of the parties, Hight Chevrolet-Geo-Pontiac's petition for review is DENIED as to counts III and IV, but is GRANTED as to count V.

(3)    Remanded to the State Tax Assessor.

Dated: February 15, 2000

S. Kirk Studstrup
Justice, Superior Court

4

Date Filed __8/14/98__ _____Kennebec_____ Docket No. __AP98-67__
County

Action __Petition for review__

BONALD L. GARBRECHT
LAW LIBRARY

FEB 17 2000

J. Mills recused

J. STUDSTRUP

Hight Chevrolet-GEO-Pontiac          vs.          State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bruce C Gerrity Esq<br>45 Memorial Circle<br>PO Box 1058<br>Augusta  Me  04332 | Stanley Piecuch,AAG<br>6 State House Sta<br>Augusta  Me  04333 |

| Date of Entry | |
|---|---|
| 8/14/98 | Petition for review filed.  s/Gerrity,Esq. |
| 8/26/98 | Letter entering appearance filed.  s/Piecuch,AAG |
| 8/26/98 | Original summons with return service on State of Maine, Tax Assessor on 8/18/98 filed.  s/Gerrity,Esq. |
| 9/16/98 | Motion for procedural order and incorporated memorandum of law filed. s/Piecuch,AAG<br>Request for hearing filed.  s/Piecuch,AAG<br>Proposed procedural order filed. |
| 9/28/98 | Letter from attorney Gerrity indicating no objection to procedural order. |
| 9/30/98 | PROCEDURAL ORDER, Hjelm, J.<br>(Discovery shall close on April 1, 1999.  Any motion for summary judgment shall be filed no later than June 1, 1999.  Counsel to file report of conference of counsel 10 days after filing or decision on motion for summary judgment.  Case shall be placed on the nonjury trial list 30 days after filing of report of conference of counsel).<br>Copies mailed to attys of record. |
| 12/18/98 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's First Set of Interrogatories Directed to Petitioner served on Bruce C. Gerrity, Esq. on 12/17/98 |
| 2/4/99 | Notification of Discovery Service, filed. s/Gerrity, Esq.<br>Petitioner's Answers to State Tax Assessor's First Set of Interrogatories served on Stanley W. Piecuch, AAG on 2/2/99 |
| 5/26/99 | Assessors motion for summary judgment filed.  s/Piecuch,AAG<br>Memorandum of law in support of Assessors motion for summary judgment filed.  s/Piecuch,AAG<br>Assessors statement of material facts not in dispute filed.  s/Piecuch,AAG<br>Petitioners answers to State tax Assessors first set of interrogatories filed.  s/Gerrity,Esq.<br>Affidavit of Peter B Bilodeau filed.<br>Affidavit of Mary E Pongonis filed. |